23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William DWYER, Petitioner, Appellant,
v.
Ronald DUVAL, WARDEN, MCI CEDAR JUNCTION, Respondent, Appellee.
 No. 93-2216
 United States Court of Appeals,
First Circuit.
 April 20, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Mark L. Wolf, U.S. District Judge ]
 William Dwyer on brief pro se.
 Nancy Ankers White, Special Assistant Attorney General, and Michael H. Cohen, Counsel, Department of Correction, on Motion for Summary Affirmance for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se inmate William Dwyer appeals from a district court judgment that summarily dismissed his habeas corpus petition as frivolous under Rule 4 of the Rules Governing Section 2254 78 Cases in the United States District Courts.[1] That petition alleged that Dwyer's incarceration violated numerous Massachusetts statutes and the Massachusetts Declaration of Rights because: (1) the warrants that committed him to M.C.I. Cedar Junction lacked the personal signature of the trial judge and the wafer seal of the Massachusetts superior court, and therefore were allegedly void, and (2) respondent Duval lacked the authority to receive and detain Dwyer because he does not possess a certified transcript of Dwyer's conviction and sentence as allegedly required by M.G.L. c. 279, Sec. 34.[2] Dwyer's habeas petition also suggested that the superior court lacked jurisdiction to convict and sentence him because the indictments which charged him were not properly authenticated with the Massachusetts superior court's wafer seal. After the foregoing claims were dismissed, Dwyer filed a notice of appeal and the district court granted him a certificate of probable cause (CPC). Respondent Duval has filed a motion for summary affirmance which we are treating as his brief on appeal.[3]
 
 
 2
 We have repeatedly rejected habeas claims based on the alleged invalidity of a conviction due to the absence of a seal on an indictment and the absence of the trial judge's signature on the warrant of commitment. See, e.g., Mahdi v. Maloney, (1st Cir. Jan. 10, 1990)(order denying CPC); Sowell v. Maloney, No. 89-2117, slip op. at 2-3, (1st Cir. April 26, 1990). Dwyer has not cited any authority which shows that our holdings in these cases were incorrect. Thus, these cases establish that Dwyer's first and third habeas claims are meritless.
 
 
 3
 Dwyer's contention that his incarceration is unlawful because warden Duval does not possess a certified transcript of his conviction and sentencing, as allegedly required by M.G.L. c. 279, Sec. 34, at best alleges a violation of state law. It is not sufficient to support habeas relief. See Mosley v. Moran, 798 F.2d 182, 185 (7th Cir.1985)("only violations of federal statutory or constitutional law can be the basis for granting federal habeas relief"). Thus, Dwyer's second habeas claim is similarly meritless.
 
 
 4
 Accordingly, where Dwyer's habeas petition obviously failed to state any viable claims, the judgment of the district court is affirmed.
 
 
 
 [1]
 Rule 4 provides, in relevant part, that, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."
 
 
 [2]
 Massachusetts G. L. c. 279, Sec. 34 provides, in relevant part, that, "[w]hen a convict is sentenced ... to be imprisoned, the clerk of the court shall forthwith make out and deliver to the sheriff or to some officer in court a duly certified transcript from the minutes of the court of the conviction and sentence, which shall authorize the officer to execute such sentence, and he shall execute it accordingly. When such convict is sentenced to be imprisoned in a correctional institution of the commonwealth, ..., the officer authorized to execute such sentence shall deliver him to the reception center established in accordance with ... [M.G.L. c. 127, Sec. 20] for examination and classification."
 
 
 [3]
 Dwyer's motion to be allowed to file an opposition to the appellee's motion for summary affirmance is allowed. However, we note that Dwyer's motion also asks us to review documents that were not before the district court. These documents are not properly before us. Nevertheless, we have reviewed them and conclude that they do not change our result